**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ELISSA H.,[1]

      **Plaintiff,**

                                    **Case No. 3:22-cv-3003**

    v.                           **Magistrate Judge Norah McCann King**

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

      **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Elissa H. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* This matter is before the Court for consideration of the Motion to Dismiss filed by the Acting Commissioner[2], ECF No. 7, and Plaintiff's opposition to that Motion, ECF No. 8.[3] For the reasons that follow, the Court denies the Motion to Dismiss.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

[3] Plaintiff's opposition brief, filed on September 5, 2022, ECF No. 8, was untimely in light of the established motion day of September 6, 2022. *See* D. N.J. L. Civ. R. 7.1(d)(2) (providing that opposition brief and papers "must be filed with the Clerk *at least 14 days prior to the original motion day*, unless the Court otherwise orders, or an automatic extension is obtained pursuant to L. Civ. R. 7.1(d)(5)") (emphasis added). Despite Plaintiff's untimely filing, the Court will consider the merits of Plaintiff's opposition.

**I.**

On June 6, 2019, Plaintiff protectively filed her applications for benefits. *Declaration of Christianne Voegele*, ECF No. 7-1, PAGEID:#21−24 ("*Voegele Declaration*"), at ¶ 3(a); Exhibit 1, PAGEID#25−44, attached thereto.[4] Plaintiff requested a *de novo* hearing before an administrative law judge following administrative denial of the applications, and Administrative Law Judge ("ALJ") Scott Tirrell held a hearing on November 17, 2020. Plaintiff, who was represented by counsel, testified at that hearing, as did a vocational expert. *Id*. In a decision dated December 29, 2020, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from October 20, 2016, Plaintiff's alleged disability onset date, through the date of that decision. *Voegele Declaration*, ¶ 3(a); Exhibit 1, PAGEID#30−44. That decision became the final decision of the Acting Commissioner of Social Security when the Appeals Council declined review on February 1, 2022. *Voegele Declaration*, ¶ 3(a); Exhibit 2, PAGEID#45−50.

In its notice denying her claim, the Appeals Council advised Plaintiff, "If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action." Exhibit 2, PAGEID#46. The Appeals Council also expressly cautioned Plaintiff, "You have 60 days to file a civil action (ask for court review)" and "[t]he 60 days start

---

[4] In resolving a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may consider "undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)); *see also Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) ("[D]ocuments whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered [when deciding a motion to dismiss under Rule 12(b)(6)]") (citations and internal quotation marks omitted). In this case, the *Voegele Declaration* confirms the authenticity of the attached documents reflecting the procedural history of the administrative proceedings relating to Plaintiff's claim.

the day after you receive this letter. We assume you received this letter 5 days after the date on it

*unless you show us that you did not receive it within the 5-day period.*" *Id*. (emphasis added) The

Appeals Council also advised Plaintiff, "If you cannot file for court review within 60 days, you

may ask the Appeals Council to extend your time to file. *You must have a good reason for*

*waiting more than 60 days to ask for court review. You must make the request in writing and*

*give your reason(s) in the request*." *Id*. (emphasis added). The Appeals Council mailed its denial

notice to Plaintiff and to Plaintiff's counsel at the time, Alan Polonsky. *Voegele Declaration*, ¶

3(a); Exhibit 2, PAGEID#45, 47, 50. The record does not contain a request from Plaintiff or her

counsel asking to extend the time for filing a civil action. *Voegele Declaration*, ¶ 3(b); *see*

*generally* Exhibit 2.

On May 24, 2022, Jared Alan Geist, a different attorney than the attorney who had

represented Plaintiff in the underlying administrative proceedings, filed this action. Complaint,

ECF No. 1. Among other things, the Complaint alleges that "[t]he Appeals Council denied my

request for review by decision dated February 1, 2022 not received by me until March 28, 2022."

*Id*. at ¶ 4.

The Acting Commissioner has moved to dismiss this action pursuant to Federal Rule of

Civil Procedure 12(b)(6), arguing that it is untimely because it was not filed within 65 days of

the Appeals Council's decision dated February 1, 2022. ECF No. 7. As previously noted,

Plaintiff belatedly filed an opposition to the Motion to Dismiss, ECF No. 8, which the Court will

consider despite its untimeliness. No reply has been filed.

## II.

The Acting Commissioner moves to dismiss Plaintiff's action as untimely under Federal

Rule of Civil Procedure 12(b)(6). ECF No. 7. "Technically, the Federal Rules of Civil Procedure

require that affirmative defenses be pleaded in the answer." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). However, Third Circuit authority permits a party to raise a limitations defense by motion under Rule 12(b)(6) if "'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Id.* (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). "'If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).'" *Id.* (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)); *see also Hunt v. PA Dep't of Corr.*, 174 F. App'x 679, 681 (3d Cir. 2006) ("A complaint may not be dismissed under Rule 12(b)(6) as untimely under the relevant statute of limitations unless it is plain from the face of the complaint that it was not timely filed."). A defendant has the burden of establishing that the statute of limitations bars a claim. *See Richard B. Roush, Inc. Profit Sharing Plan v. New England Mut. Life Ins. Co.*, 311 F.3d 581, 585 (3d Cir. 2002) (noting that "statute of limitations is an affirmative defense" and finding that the defendants bear the burden of establishing its applicability); *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 487 (3d Cir. 1985) ("The statute of limitations is an affirmative defense, and the burden of establishing its applicability to a particular claim rests with the defendant.").

In resolving a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).

To survive a motion to dismiss, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.

The Acting Commissioner contends that this Court should dismiss Plaintiff's action because it was not timely filed under the period permitted by 42 U.S.C. § 405(g), which provides in relevant part as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision *by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.*

*Id.* (emphasis added); *see also* 20 C.F.R. § 404.981 ("You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action."). The date of receipt of notice of the Appeals Council's action is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210; *see also* 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5–day period."). However, "[e]quitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994) (citations omitted). The Third Circuit recognizes

> three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

*Id.* (citations omitted).

In the case presently before the Court, the Acting Commissioner contends that Plaintiff's action should be dismissed as untimely because it was not filed by April 7, 2022, *i.e.*, by 65 days of the Appeals Council's decision dated February 1, 2022. ECF No. 7. While it is true that Plaintiff's Complaint was not filed in this Court within 65 days of the Appeals Council's decision, Plaintiff has specifically alleged in her Complaint that she did not receive the Appeals Council notice until March 28, 2022. Complaint, ¶ 4. Taking this factual allegation as true and construing the Complaint in a light most favorable to Plaintiff, *see Phillips v*, 515 F.3d at 233, the Court cannot conclude at this stage on a motion under Rule 12(b)(6) that equitable tolling does not apply or that the face of the Complaint establishes that Plaintiff's action is time-barred when she filed it on May 24, 2022. *See Graham v. New Jersey*, No. CV2120773KMMAH, 2022 WL 4010856, at *6 (D.N.J. Sept. 2, 2022) ("The Moving Defendants are correct that the statute of limitations is two years, but the facts alleged at this motion-to-dismiss stage do not establish that Plaintiff's claims are time-barred."); *McClain v. Golden*, No. CV 08-1347, 2017 WL 3226471, at *6 (E.D. Pa. July 28, 2017) (denying motion to dismiss where, "in light of these allegations, which must be construed at this stage of the proceedings in favor of Plaintiff, this Court finds that equitable tolling may apply and, therefore, it is not 'apparent on the face of the complaint' that Plaintiff's claims against Original Defendants are barred by the statute of limitations").

For these reasons, the Acting Commissioner's motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), ECF No. 7, is **DENIED**. In so ruling, however, the Court expresses no opinion as to the merits of Plaintiff's claim, nor does it express any opinion whether the doctrine of equitable tolling would ultimately apply to Plaintiff's claim, or whether Plaintiff's claim

would ultimately survive a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 addressing the timeliness of the action.

**IV.**

The Court notes that, although Attorney Jared A. Geist signed the Consent to Jurisdiction of a Magistrate Judge for a Social Security Appeal, which was attached to the Complaint, ECF No. 1, the Complaint itself was signed by only Plaintiff. *Id.* at PAGEID#2. Since the filing of the action, Attorney Geist has filed one letter inquiring about the status of the pending Motion to Dismiss, ECF No. 9, and Plaintiff has filed multiple *pro se* letters asking about the status of the case.

A party is not entitled to hybrid representation, *i.e.*, both *pro se* and through counsel. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel. . . . ") (emphasis added); Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper *must be signed by at least one attorney of record in the attorney's name--or* by a party personally *if the party is unrepresented.*") (emphasis added). Filings filed *pro se* when a party is represented by counsel may be stricken from the record. It is unclear from the Complaint and in light of Plaintiff's numerous *pro se* filings, whether Plaintiff intends to proceed *pro se* or through counsel. Accordingly, if Plaintiff intends to proceed with the assistance of counsel in this action, she (or her counsel) is **ORDERED** to file, within **FOURTEEN (14) DAYS** from the date of this Opinion and Order, a statement to that effect. If Plaintiff intends to proceed without the assistance of counsel, she must file, within **FOURTEEN (14) DAYS** from the date of this Opinion and Order, a written document that clearly and unequivocally discharges Attorney Geist as her counsel in this action and affirmatively states her intention to proceed *pro se* in this action.

**IT IS SO ORDERED.**


Date:  September 28, 2022                              _s/Norah McCann King_
                                                      NORAH McCANN KING
                                                      UNITED STATES MAGISTRATE JUDGE